**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| LAMAAR PEARSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:24-cv-01204-JMB |
| | ) |
| TAMMY ROSS et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff Lamaar Pearson's motion to proceed in forma pauperis ("IFP") (ECF No. 2). For the reasons set forth below, the Court will order Plaintiff to supplement his motion by filing a certified copy of his institutional account statement.

Under 28 U.S.C. § 1914, federal courts must collect a filing fee from parties instituting any civil action, suit, or proceeding. Courts may waive this fee for individuals who demonstrate an inability to pay. 28 U.S.C. § 1915(a)(1). When a court grants such a waiver, the litigant is permitted to proceed IFP.

To obtain IFP status, a non-prisoner litigant must file a motion and an affidavit demonstrating his inability to pay. If the Court determines that the litigant lacks sufficient financial resources, it will waive the filing fee entirely.

Different rules apply to prisoner litigants under the Prisoner Litigation Reform Act ("PLRA"). In addition to the standard IFP affidavit, prisoners must submit a certified copy of their inmate account statement reflecting the six-month period immediately preceding the filing of the complaint. 28 U.S.C. § 1915(a)(2). If the Court finds that the prisoner lacks sufficient funds, it will assess an initial partial filing fee equal to 20% of either the prisoner's average monthly deposits or

average monthly balance, whichever is greater. 28 U.S.C. § 1915(b)(1). After this initial payment, the prisoner must make monthly payments equal to 20% of their income until the fee is paid in full. 28 U.S.C. § 1915(b)(2). The prison will forward these payments to the Court whenever the prisoner's account balance exceeds $10. *Id*. Even if the Court grants IFP status, a prisoner litigant must pay the entire filing fee over time. *See Crawford-El v. Britton*, 523 U.S. 574, 596 (1998) (the PLRA "requires all inmates to pay filing fees[.]"); *Ashley v. Dilworth*, 147 F.3d 715, 716 (8th Cir. 1998) ("The purpose of the Act was to require all prisoner-litigants to pay filing fees in full[.]").

Because Plaintiff has not submitted the required certified account statement, the Court is unable to rule on his IFP motion at this time. The Court will give Plaintiff thirty (30) days to file a certified copy of his inmate account statement for the six-month period immediately preceding the filing of the complaint. To assist Plaintiff in obtaining the necessary documentation, the Court will direct the Clerk of Court to send three additional copies of this Memorandum and Order to Plaintiff for distribution to the appropriate jail officials.

Accordingly,

**IT IS HEREBY ORDERED** that, **within thirty (30) days** of the date of this Order, Plaintiff shall submit a certified copy of his inmate account statement (or institutional equivalent) for the six-month period immediately preceding the filing of the complaint. *See* 28 U.S.C. § 1915(a)(2).

**IT IS FURTHER ORDERED** that the Clerk of Court shall send Plaintiff three (3) additional copies of this Memorandum and Order.

**IT IS FURTHER ORDERED** that Plaintiff's failure to comply with this Order may result in the denial of Plaintiff's motion to proceed in forma pauperis and the dismissal of this action without prejudice.

Dated this 29th day of April, 2025.

                                            */s/ John M. Bodenhausen*
                                            JOHN M. BODENHAUSEN
                                            UNITED STATES MAGISTRATE JUDGE